NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DELICE GLOBAL, INC.,

Plaintiffs,

v.

COCO INTERNATIONAL, INC.; DON LEE a/k/a DONG LEE; ERIC KIM; STEVE PARK a/k/a SUNG HYUN PARK; and JOHN DOES 1-20;

Defendants.

**Hon. Dennis M. Cavanaugh**

**OPINION**

Civil Action No. 09-CV-03541 (DMC)

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Delice Global, Inc., for remand of the above-captioned action to the New Jersey Superior Court, Chancery Division. No oral argument was heard pursuant to Rule 78. After carefully considering the submissions of all parties, it is the decision of this Court that Plaintiff's motion is **granted**.

## I. Background

On June 19, 2009, Delice Global, Inc. ("Plaintiff") initiated this action in the Superior Court of New Jersey, Chancery Division - Bergen County, General Equity Part, by filing a verified complaint against Coco International, Inc., Don Lee a/k/a Dong Lee; Eric Kim; Steve Park a/ka Sung Hyun Park; and John Does 1-20 ("Defendants"). The verified complaint asserts as causes of action against Defendants: (1) misappropriation of trade secrets; (2) unfair competition, trademark & trade name misappropriation; (3) tortious interference with contract

and tortious interference with prospective economic advantage; (4) defamation; and (5) civil conspiracy.

On July 17, 2009, Defendants filed Notice of Removal transferring this action to the United States District Court, District of New Jersey, pursuant to 28 U.S.C. §§ 1338 and 1441.[1] On August 6, 2009, disputing the existence of federal question jurisdiction, Plaintiff filed the instant motion to remand the action to the Superior Court.

Plaintiff manufactures and sells machines used in the production of food products. Plaintiff designed and patented a table-top "grain expansion machine" for the production of low calorie snack cakes. On May 6, 2005, Plaintiff applied to patent this instrument in the United States Patent and Trademark Office ("PTO") and pursuant to successful prosecution, was awarded United States Patent Number 7,444,928 B2 ("'928 patent"). Plaintiff developed a formula for the combination and proportion of ingredients in the pellets used in the production of these snack cakes. In 2004, Plaintiff began selling machines, pellets, packaging materials and display materials using the trade names, "Magic Pop" and "Kim's Magic Pop."

Paragraph 51 of Plaintiff's verified complaint asserts as a trade secret the process by which the Magic Pop product is produced. Plaintiff indicates that its trade secrets encompass a number of components including:

(a) The precise combination of dry ingredients, moisture, heat, pressure

---

[1]On July 30, 2009, Defendants filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 17(a)(3). Notably, Defendants' motion to dismiss indicates that upon application, filed in the Korean Patent Office on March 9, 2004, a patent was awarded Delice Co., Ltd., not Delice Global, Inc., for only 6 of the 17 claims (Korean patent application 10-2204-0015966) which are purportedly identical to the patent claims later filed in the PTO.

and machine settings that enables the Magic Pop machine to produce snack cakes with the best possible size, shape texture and overall appearance;

(b) The identity and precise quantity of all ingredients that [Plaintiff] mixes together to manufacture the pellets that the Magic Pop machines cook into large, low-calorie snack cakes possessing certain desirable characteristics;

(c) The precise level of moisture that must be incorporated into the mixture of dry ingredients to enable the table-top-sized grain expansion machines, such as the Magic Pop machines, to produce snack cakes of optimal, size, shape and texture;

(d) The identity of the companies from which [Plaintiff] purchases the raw ingredients that [Plaintiff] combines into pellets;

(e) The precise design and construction specifications of every aspect of the Magic Pop machine;

(f) The identity of the companies from which Plaintiff purchases the raw ingredients used in pellets;

(g) The cost and profit margins of [Plaintiff's] products; and

(h) The marketing plans and strategies for [Plaintiff's] products.

In addition to the manner of production, Plaintiff also claims customer lists and the formula developed for the pellets as trade secrets.

Similarly, subsection (c) of paragraph 20 in the factual background of the complaint identifies "[t]he precise design and construction specifications of every aspect of Delice's Magic Pop machine" as a component of Plaintiff's confidential and proprietary trade secrets. Moreover, paragraph 37 of the complaint describes the machine shown in the patent held by Plaintiff as identical to the Coco Pop machine.

In or about mid-2006, Defendant Don Lee ("Mr. Lee") approached Plaintiff to discuss the purchase of a Magic Pop machine. In or about November 1, 2006, Plaintiff hired Mr. Lee as its managing director. Over the course of his employment, Plaintiff revealed trade secrets to Mr. Lee.

Upon termination of Mr. Lee's employment with Plaintiff, on or about May 8, 2008, Defendant Coco International ("Coco"), a New Jersey corporation, hired Mr. Lee to serve as its Chief Executive Officer. Participating in the same market, Coco began selling grain expansion machines and associated products using the trade name "Coco Pop."

## II. Discussion

Federal question jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(a); U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 389 (3d Cir. 2002) (citing Franchise Tax Bd. of Cal. v. Const. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 7-8 (1983)). "By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby." Franchise, 463 U.S. at 12 (1983) (citing Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1963). "If it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed." 28 U.S.C. § 1447(c).

The United States district courts federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that a federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Christianson v. Colt Indus. Oper. Corp., 486 U.S. 800, 808 (1988) (quoting Franchise, 463 U.S. 1). Jurisdiction conferred upon the United States district court pursuant to 28 U.S.C. § 1338 extends "over only those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that plaintiff's right to relief

necessarily depends on a resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." Christianson, 486 U.S. at 808 (1988) (quoting Franchise, 463 U.S. at 1).

"[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law." Franchise, 463 U.S. at 10. "Under the well-pleaded complaint rule, as appropriately adapted to § 1338(a), whether a claim 'arises under' patent law 'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'" Christianson, 486 U.S. at 809 (quoting Franchise, 463 U.S. at 10 (internal citations omitted)). In short, the federal law "must be in the forefront of the case and not collateral, peripheral, or remote." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986). "Thus, [for example], a case raising a federal patent-law defense does not, for that reason alone, 'arise under' patent law, 'even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'" Id. at 809 (quoting Christianson, 486 U.S. at 809).

"[M]erely because a claim makes no reference to federal patent law does not necessarily mean the claim does not 'arise under' patent law." Christianson, 486 U.S. at 826. "Although [ ] the party who brings a suit is master to decide what law he will rely upon, [i]t is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead [a] necessary federal patent law question." Franchise, 463 U.S. at 22 (internal citations omitted). "The same principle has been referred to as the 'artful pleading' doctrine under which a court will not allow a plaintiff to deny a defendant a federal forum when the plaintiff's complaint

contains a federal claim 'artfully pled' as a state law claim." United Jersey Banks v. Parell, 783 F.2d 360 (1986).

"Nor is it necessarily sufficient that a well-pleaded claim alleges a single theory under which a resolution of a patent-law question is essential" for purposes of jurisdiction. Christianson, 486 U.S. at 810. Notably, "the well-pleaded complaint rule [ ] focuses on claims, not theories [ ] and just because an element that is essential to a particular theory might be governed by federal patent law does not mean that the entire [ ] claim arises under patent law." Franchise, 463 U.S. at 11. If, "'on the face of the well-pleaded complaint there are . . .reasons completely unrelated to the provisions and purposes of the [patent laws] why the [plaintiff] may or may not be entitled to relief it seeks, [ ] then the claim does not 'arise under' those laws." Christianson, 486 U.S. at 810 (internal citations omitted). "Thus, a claim supported by alternative theories in the complaint may not form the basis of § 1338(a) jurisdiction unless patent law is essential to each of those theories." Id.

"In New Jersey, there is no exact definition of a trade secret." 45 N.J. Prac. § 15:4. "Generally, New Jersey cases rely on the broad definition of trade secret found in the Restatement of Torts § 757 comment b (1939)." Id.

> A trade secret is a process or device for continuous use in the operation of the business. Generally, it relates to the production of goods as, for example, a machine or formula for the production of an article.

Restatement (First) of Torts § 757 cmt b (1939); See Thiberg v. Bach, 107 F. Supp. 639, 643 (D.N.J. 1952).

> The subject matter of a trade secret must be secret. Matters of public knowledge in an industry cannot be appropriated by one as his secret. Matters which are completely disclosed by the goods which one markets cannot be his secret. [A proprietor of business] may without losing his protection, communicate it to

employees involved in its use.

Restatement (First) of Torts § 757 comment b; See Midland-Ross Corp. v.Yokana, 185 F. Supp. 594 (D.N.J. 1960) (citing Sun Dial Corp. v.Rideout, 16 N.J. 252 (1954) (adopting the definition of trade secret from the Restatement (First) of Torts § 757). Notably, "where the subject matter of a patent and that of a trade secret are substantially identical, the issuance of the patent must be regarded as a disclosure of the trade secret." Dollac Corp. V. Margon Corp., 164 F. Supp. 41, 58 (D.N.J. 1958).

> 'The distinction between product and process patents is clear and is quite generally understood. The product patent is upon an invented or discovered article; the process patent is upon a method of making an article. . .[A] product patent protects only the product, and [ ] a process patent protects only the process.'

U.S. v. General Electric Co., 82 F. Supp. 753, 814 (quoting In re Amtorg Trading Corp., 75 F.2d 826, 832 (C.C.P.A. 1935) cert. denied, International Agricultural Copr. v. Amtorg Trading Corp., 296 U.S. 676 (1935)).

Disputing Plaintiff's assertion of misappropriation of trade secrets and unfair competition claims as merely a guise for an underlying patent infringement claim, Defendants declare in their brief in opposition to remand, "[q]uite obviously, Plaintiff is stating a case for patent infringement without using those words, substituting instead the phrase 'design of every aspect of the machine." Denying Defendants' contention that the present case sounds in patent infringement, Plaintiff argues in the motion to remand, "Delice is seeking relief for misuse of secret and confidential information, not the infringement of a published patent."

Defendants appear to contend that the purported similarity between the Magic Pop and Coco Pop machines along with Plaintiff's assertion of a trade secret encompassing and extrapolating matters beyond the design and construction of a patented machine translate to a

patent infringement claim. Plaintiff's complaint neither makes an explicit claim of patent infringement nor does it contain an implicit or disguised claim of patent infringement. By contrast, Plaintiff's claim is explicit in outlining a claim for misappropriation of trade secrets and confidential information. A patented instrument itself is considered public knowledge and, therefore, may not be claimed as a trade secret.

At the same time, given the distinction between product and process patents, a patent regarding an instrument of production does not preclude the assertion of a trade secret concerning the formula of production The use of a patented instrument in a formula of production neither removes protection from nor imputes disclosure to the other secret components involved in the formula of production. Therefore, a secret formula of production incorporating a patented machine will not automatically defeat the protection afforded as a consequence of the other secret components in a formula of production. While the patented machine may be a necessary component in the process of production, it is the formula, not the instrument, Plaintiff seeks to assert and protect as a trade secret.

Plaintiff's right to relief is not contingent upon the validity of the patent purportedly involved in this case. Assuming, without concluding that Defendants assertion of invalidity of the '928 patent is correct, Plaintiff's trade secret claim concerning the manner of production is not extinguished by the patent's invalidity.[1] [2] While the design and construction of a patented machine

---

[1]Defendants' motion to dismiss suggests that Plaintiff's failure to disclose the denial of 11 claims in the Korean Patent Office renders the '928 patent invalid.

[2] Inconsistently, Defendants' motion to dismiss advances an assertion of fact, on the one hand, that Plaintiff existing as a distinct business entity separate from the assignor/holder of the patent, has no interest in the '928 patent and simultaneously, on the other hand, in Defendants' opposition to remand, that the Plaintiff is the entity under the obligation to the litigate the issue of

may be relevant to whether or not confidential or proprietary business information complies with the secrecy requirement of a trade secret claim, the validity of the patent is not essential, but rather is peripheral, to the issue of whether Plaintiff will prevail on a claim for misappropriation of trade secrets. Moreover, to the extent that the patent is invalidated, a potential trade secret claim may arise regarding the information that was previously thought to be published by virtue of the former patent. Plaintiff's ability to prevail on a state law trade secret claim is not within the purview of this Court and, therefore, will not be addressed upon this motion.

In light of the above, the Court finds that removal was not appropriate pursuant to 28 U.S.C. §§ 1338 and 1441, and the case should be remanded to state court in accordance with 28 U.S.C. § 1447.

## CONCLUSION

For the reasons stated, it is the decision of this Court that Plaintiff's motion to remand is **granted**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: September 8, 2009
Original: Clerk's Office
Copies: All Counsel of Record
The Honorable Mark Falk, U.S.M.J.
File

---

patent infringement. In mounting inconsistency, Plaintiff's original complaint alleges that Plaintiff's C.E.O. applied for and was awarded a patent by the PTO, but in its reply brief opposing removal, concedes that the company holds not interest in the patent. However, the issue of patent invalidity is not upon this motion and, therefore, the merit of such assertions will not be addressed here.